## ARAWELL CRAIN V. THE STATE

No. 9343.   Delivered October 21, 1925.

Rehearing denied November 25, 1925.

**1.—Burglary—Evidence—Held Sufficient.**

Where, on a trial for burglary, the main prosecuting witness, Lewis, testified that he saw appellant and one Crowley near the scene of the burglarized building, each with a sack of pecans on their shoulders, which the State contended had been taken from the burglarized premises, and testified positively as to the identity of the appellant. He was contradicted in this testimony by several witnesses that said Lewis told them he did not know who the parties were that he saw and shot at. This conflict in the evidence was a question of fact for the jury to pass upon, and having solved it against appellant, we are not authorized to disturb their finding.

ON REHEARING.

**2.—Same—Breaking—How Proven—Circumstantial Evidence Sufficient.**

While a breaking must always be proven to establish burglary, it may be proven by circumstantial as well as by direct evidence. It was clearly shown that the doors and windows to the burglarized building were closed on the night of the burglary. A door had been prized partly open to admit of entry. The two sacks of pecans recovered were proven to have been removed from the building. This evidence was sufficient to support the finding of the jury that there was an entry effected by breaking, and the motion for rehearing is overruled.

Appeal from the District Court of San Saba County. Tried below before the Hon. J. H. McLean, Judge.

Appeal from a conviction of burglary, penalty two years in the penitentiary.

The opinion states the case.

*N. C. Walker,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—Appellant was tried and convicted in the District Court of San Saba County for the offense of burglary and his punishment assessed at two years in the penitentiary.

The record is before us without any bills of exceptions, and the only question raised by appellant in his brief is the insufficiency of the evidence to sustain the conviction. The State relied upon the testimony of the night watchman, Lewis, for a conviction, who testified positively upon the trial to the identity of the appellant and one Crowley being at or near the scene of the alleged burglary with each a sack of pecans on their shoulders, which the State contended had been taken from the store of McConnell & Sons by said parties. The appellant did not testify but proved by several witnesses that said witness Lewis told them he did not know who the parties were that he saw and shot at, at the place and the time in question. All of this he denied. Witness Carroll testified Lewis told him the next morning that it was defendant and Crowley he found behind the warehouse.

It is also contended by appellant that the State failed to show an entry by force. Said witness Lewis, after describing how the door was fastened with hook and chain, stated, "so the door could not be slipped either way except by pulling out at the bottom * * *. The place of entrance to the building was through this opening at the bottom of this door, and the door was open in this manner, and I pulled it back in place." This evidence was admitted without objection or showing as to whether the witness knew how the entrance was made or was giving his opinion; however, as presented, it is binding on this court after the jury passed upon it.

The witness J. P. McConnell testified that "This warehouse was closed in front; the front door was locked, and the back door of the building was locked with a catch on each end of the door; * * * the warehouse had windows, but they were fastened up and were not used."

J. T. McConnell testified that when Lewis notified him of the alleged burglary that he immediately went down town to his store and found the pecans near the building on the outside, and that next morning after opening up the store he found "these pecans were missing" and went into detail showing how the pecans had been arranged in sacks prior thereto. All of these matters were properly left to the jury, and they found against appellant's contention in this case, which is binding on this court. After a careful consideration of the record we are

forced to the conclusion that the judgment should be and the same is hereby ordered affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant urges that we were wrong in holding the evidence sufficient to show a breaking of the alleged burglarized building. The case was tried on the theory that the State relied wholly on circumstantial evidence. The proposition now combated by appellant in his motion, might be supported by circumstantial evidence. On the morning after the night of the alleged burglary the back door of the building was found to be open. It was a sliding door, and the door was so opened as that it was standing at an angle, an unusual angle, as it appears to us from an inspection of the record. The alleged burglarized building belonged to J. W. McConnell, and was used as a warehouse by himself and J. T. and J. P. McConnell, each of whom testified and stated that they did not authorize appellant to enter the building or take pecans situated therein. With reference to the building, J. P. McConnell testified as follows:

"This warehouse was closed in front—the front door was locked, and the back door of the building was locked with a catch on each end of the door—at the bottom there is a hook on each end of the door and then there is another catch up higher. * * * The only way one could enter the building would be through the doors."

J. T. McConnell testified:

"With reference to the doors, the door on the rear was locked on the north end. * * * When it is fastened shut, one could prize open or shove it out from the bottom so one could open it without unfastening the other side. * * * By prizing the bottom of the door out on the south side you could unfasten the lower hooks. * * * It is possible for the door to be opened from the outside like I have stated, by pulling against it this way (showing) and reaching and knocking the hook up, but it could not be opened so it would slide back two feet, but could be opened by prizing the bottom part of the door and reaching and knocking the hook loose. The door was not unfastened on the north side of it."

Jeff Lewis testified that the back door, when examined after the burglary, was found to be open a little ways. He said the

door was fastened with a hook and chain on the inside of the house, but the door could be pulled out at the bottom so that the hook could be unfastened and the door prized or pulled so that the top part of it would go one way and the bottom part the other and entrance be thus effected. We think the testimony sufficient to show, circumstantially at least, that the door was closed and fastened with the hooks the night before, as stated by Mr. J. P. McConnell, and that being found open in an unusual way when examined a short time after midnight, and the pecans being taken, and appellant being observed in the vicinity, furnish sufficient basis for the jury, under the charge of the court, to arrive at the conclusion of guilt. So believing, the motion for rehearing will be overruled.

*Overruled.*